IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Summary Calendar

DANIEL FONSECA,

                                        Plaintiff-Appellant,

versus

K. KUYKENDALL; MARY GOTCHER; JOHN EATON; OWEN J. MURRAY; JASON
CALHOUN; ROBERT A. BROCK; UNIDENTIFIED REEDING, Doctor; MELTON
BROWN; DON JOHNSON; UNIVERSITY OF TEXAS MEDICAL BRANCH GALVESTON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-172
- - - - - - - - - -
March 21, 2002

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Daniel Fonseca, Texas prisoner #579623, appeals the district
court's denial of several motions, including his requests for
injunctive relief.  He also challenges the dismissal as frivolous
of his 42 U.S.C. § 1983 complaint alleging deliberate
indifference to his serious medical needs.  Fonseca has failed to
adequately brief his argument that the court abused its
discretion in denying injunctive relief.  He simply asserts that
the denial was error in light of (1) his 77 exhibits (the

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contents of which he does not discuss), and (2) his continuing pain. Fonseca fails to address the district court's reasons for denial of his motions for injunctive relief, *i.e.*, that he failed to show a substantial likelihood of success on the merits of his claim or that he faced a substantial threat of irreparable injury. The argument is therefore waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Fonseca's argument that the magistrate judge erred in denying his motions for appointment of counsel is without merit. Fonseca has failed to show the requisite exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Fonseca has failed to adequately brief his assertion that the magistrate judge erred in refusing to admit into evidence all of his medical records. Other than this assertion, he makes no legal argument. The argument is therefore waived. See Yohey, 985 F.2d at 225. As for the denial of his "motion for the court to disclose if exhibits were admissible in evidence," the magistrate judge did not err in denying Fonseca's motion on the basis that granting it would be the equivalent of an advisory opinion.

While Fonseca is correct that his motion for default judgment was not ruled upon, the court's failure to rule may be viewed as an implicit denial of the motion. See Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). The subsequent dismissal of Fonseca's complaint as frivolous was an implicit determination that Fonseca was not entitled to default judgment even if the

defendants were technically in default.  See id.  Fonseca's challenge to the magistrate judge's statement that defendants Johnson, Calhoun, Eaton, and Murray had filed an answer on January 12, 2001, is unsupported by the record.  Those defendants did file an answer on January 12, 2001.

Fonseca argues that the defendants were deliberately indifferent to his serious medical needs by denying his request to be examined by a colon specialist to determine whether he needed surgery for his hemorrhoids and to evaluate the need for treatment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Fonseca's pleadings and the testimony at the Spears[**] hearing revealed that Fonseca was treated by medical personnel and was supplied with hemorrhoid cream even though examinations by medical staff revealed no hemorrhoids existed.  Fonseca has not shown deliberate indifference to his serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Norton v. Dimazana, 122 F.3d 286, 291-92 (5th Cir. 1997).  Insofar as Fonseca is complaining about medical care and treatment that he received, his allegations merely reflect his disagreement with the medical tests and treatment ordered by the medical staff.  The district court did not abuse its discretion in dismissing his complaint as frivolous.  See Norton, 122 F.3d at 292.

Fonseca's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR.

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

R. 42.2. The dismissal of this appeal and the dismissal as frivolous and by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Fonseca that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.